■ The People of the State of New York, Respondent, v Frank Ali, Appellant.—Judgment, Supreme Court, New York County, rendered April 9, 1976, convicting defendant of rape in the first degree and sodomy in the first degree and sentencing him thereupon to concurrent terms of 4 to 12 years, unanimously reversed, on the law, and the matter remanded for a new trial. At 8:00 P.M., on the second day of deliberations, the jury reported a deadlock on all four counts which had been submitted to it. The court thereupon instructed the jury as follows: "I wish to remind you that the very object of our jury system is to secure unanimity by a comparison of views and by argument among the jurors themselves. Opinions may be changed in the course of these arguments and there can be no reflection upon any juror for changing his or her opinion. Each juror should listen with deference to the arguments of the other jurors and not enter the juryroom with a blind determination that the verdict shall represent his opinion of the case or that he should close his ears to the arguments of men who are equally honest and intelligent as himself. First and foremost, I would like you to know that you should realize and keep in mind that if you are unable to agree upon a verdict, those who are selected as jurors to serve in the next trial of this case will be citizens exactly like you. They will not be any less intelligent, nor will they be any more intelligent. They will hear the same evidence you have heard and they, not being endowed with any special talents, will be called upon, just as you are, to arrive at a verdict, and in view of that, I am ordering that you be sequestered and because of the laws of the State of New York, you are not allowed to deliberate on Sunday; and you will be returned to the court on Monday." After being sequestered all day Sunday, the jury on its return Monday requested a rereading of the supplemental charge which the court gave after the announcement of a deadlock. The last paragraph of the supplemental charge was repeated, beginning with the words "First and foremost" and ending with the words

"to arrive at a verdict". The jury returned to deliberate at 12:05 P.M. and at 12:35 P.M. announced that it had reached a verdict. The defendant was acquitted on Counts Nos. 1 and 2 relating to an August 27, 1974 incident, but convicted on the two counts which involved a September 15, 1974 incident. Defendant contends that the charge was coercive and unbalanced. We agree. An *Allen* charge (see *Allen v United States,* 164 US 492) is proper if it assists the jury in its deliberations by stressing the importance of reaching a verdict without forcing any juror to yield a conscientious belief. *(United States v Robinson,* 560 F2d 507, 517.) The charge here properly stressed the importance of each juror keeping an open mind to the arguments advanced by the others. But the court erred when it failed to balance that instruction by stressing that "the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion" of the others. *(Allen v United States, supra,* p 501.) In our view, this imbalance had a coercive effect upon the jury. Concur—Murphy, P. J., Lupiano, Silverman, Markewich and Sullivan, JJ.