■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON LLOYD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 3, 1985, convicting him of robbery in the first degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Goodman, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK LLOYD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered December 19, 1985, convicting him of robbery in the second degree and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilty was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that permitting the complainant to testify in his Navy uniform served to deprive him of a fair trial is without merit. The trial court properly found that the jury would not automatically accord the complainant a greater measure of respect and trust merely because he was wearing a Navy uniform. This is especially true in the instant case where the complainant was a third-class petty officer who admitted to socializing in the streets with friends who drank beer and smoked marihuana. Moreover, the trial court instructed the jury in its charge that the complainant's testimony should not be accorded greater or lesser weight simply because he testified in uniform and that the complainant's testimony and credibility should be evaluated in the same manner as any other witness. Such instructions alleviated any resultant prejudice and served to insure that the defendant received a fair trial *(see, People v Drucker,* 100 Misc 2d 91; *cf., La Rocca v Lane,* 37 NY2d 575, *cert denied* 424 US 968; *People v Roman,* 35 NY2d 978).

The defendant's further contention that the trial court, by its *Allen* charge *(see, Allen v United States,* 164 US 492), coerced the jury into reaching a verdict, is unpreserved for appellate review *(see,* CPL 470.05 [2]), and in any event, it is without merit *(see, People v Pagan,* 45 NY2d 725, 727; *People v Ali,* 65 AD2d 513, 514, *affd* 47 NY2d 920).

We have considered the remaining contentions in the defendant's supplemental *pro se* brief and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.