■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RIVERA, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph Cerbone, J., at *Huntley* hearing, trial and sentence), rendered April 21, 1988, which convicted defendant after a jury trial of robbery in the first degree and sentenced him as a persistent violent felony offender to an

indeterminate term of imprisonment of from 12 years to life, unanimously affirmed.

Defendant was convicted of a knifepoint robbery of 16-year-old George Plaza, which occurred on July 31, 1986 at the complainant's apartment building at 690 East 138th Street in The Bronx.

After the robbery, the defendant called his ex-wife Jasmin, admitted to the crime, and asked for $20 in cab fare. He was arrested shortly thereafter and in October of 1986 called his ex-wife again and asked her to lie for him at trial.

On appeal the defendant raises a litany of arguments concerning the prosecution's cross-examination of him and the prosecutor's allegedly improper comments during summation. Initially, it is noted that none of the summation comments now claimed to be inappropriate was objected to. Accordingly, they were not properly preserved as a matter of law for review by this court. Most of the matters raised concerning the cross-examination were similarly not preserved for review as a matter of law. (CPL 470.05.) Were we to consider these arguments in the interest of justice, nevertheless, we would find them to be without merit.

The prosecutor's cross-examination of the defendant was in direct response to the defendant's testimony which made an issue of the complainant's credibility. The defendant's version of the incident was completely at odds with the complainant's version. According to the defendant, on the day of the incident he dropped off his pregnant wife at his mother-in-law's house. He met the complainant, who asked him for a $20 loan. The defendant noted that he had loaned the boy money on several prior occasions but refused this time because he needed the money for his daughters from another marriage. However, the defendant stated that when the boy offered his gold necklace as collateral for the loan the defendant changed his mind and gave him the money.

During cross-examination the prosecutor inquired whether the defendant was, at the time, a recipient of public assistance. Such questioning related directly to defendant's ability to lend money to another. The prosecutor also brought out the fact that the defendant admitted that, prior to trial, he married his wife, who had testified against him on the People's direct case, thus raising the question of whether or not he had entered into the marriage in an attempt to influence his wife's testimony. The defendant himself raised the credibility of his wife as a witness by directly contradicting her

statement, thus the prosecutor's introduction of this issue was not improper.

Equally unpersuasive are the arguments concerning the prosecutor's summation in which he argued against defense counsel's attack on the complainant's credibility. These comments by the prosecutor were in direct response to the defendant's position during the trial and his counsel's during his own summation.

We have reviewed the remainder of the defendant's claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.