■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER TAYLOR, Appellant.—Judgment, Supreme Court,

Bronx County (Fred Eggert, J.), rendered March 13, 1989, convicting defendant, after a jury trial, of manslaughter in the first degree (Penal Law § 125.20 [1]) and sentencing him to an indeterminate prison term of 6 to 18 years, unanimously affirmed.

Two witnesses testified that after the deceased verbally threatened defendant, they observed defendant pull out a knife and stab the decedent five or six times. The jury rejected defendant's claim of self-defense that during a struggle with the deceased he tried to push the knife out of the deceased's hand causing it to twice enter the deceased's stomach.

Defendant's contention that he was deprived of a fair trial when the court precluded the defense from introducing opinion evidence of defendant's good character is unpreserved for appellate review. The defendant consented to the court's ruling (CPL 470.05 [2]). Nonetheless, the Court of Appeals has adhered to the rule that character evidence is only admissible in the form of testimony regarding a defendant's general reputation in the community *(People v Barber,* 74 NY2d 653 [1989]; *People v Bouton,* 50 NY2d 130 [1980]; *People v Van Gaasbeck,* 189 NY 408 [1907]). This court is bound by that precedent. *(People v Munoz,* 40 AD2d 337 [1st Dept 1973], *affd* 33 NY2d 998 [1974].)

Defendant's challenges to the prosecutor's summation comments are similarly unpreserved (CPL 470.05 [2]), and we decline to review in the interest of justice. In any case, the prosecutor's remarks were within the range of permissible rhetorical comment and were directly responsive to defense counsel's summation *(People v Rivera,* 159 AD2d 229 [1st Dept 1990]; *People v Torres,* 160 AD2d 285 [1st Dept 1990]). Although the prosecutor's quoting from the Bible was improper *(People v Morales,* 147 AD2d 381, 385 [1st Dept 1989]), in the absence of other egregious conduct, this one remark was not so harmful as to deprive defendant of a fair trial. Concur—Murphy, P. J., Carro, Asch, Ellerin and Smith, JJ.