(April 23, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR WILSON, Also Known as KEVIN NESMITH, Appellant. [641 NYS2d 611] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered October 20, 1993, convicting defendant, after a jury trial, of two counts of robbery in the first degree and two counts of burglary in the first degree, and sentencing him, as a persistent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

Defendant claims that admission of testimony that, 12 days after the instant crimes were committed, he was arrested in the hallway of the courthouse in which the trial took place was irrelevant and prejudicial. However, inasmuch as defendant explicitly expressed his satisfaction with the limiting instructions given to the jury immediately after the testimony was elicited, the claim is not preserved for appellate review (*see, People v White,* 53 NY2d 721; *People v Aezah,* 191 AD2d 312, *lv denied* 81 NY2d 1010) and we decline to review it in the interest of justice. Were we to review it, we would find the testimony

was properly admitted as relevant to explain why the gun used by defendant during the crime was not recovered from him upon his arrest, thereby completing the narrative of the case (*see, People v Ford*, 195 AD2d 298, *lv denied* 82 NY2d 805). Moreover, as the court informed the jury, there are numerous innocuous reasons for a person to appear at the Bronx County courthouse, and thus the evidence was not prejudicial (*see, People v Flores*, 210 AD2d 1, *lv denied* 84 NY2d 1031).

Defendant failed to properly object to alleged errors in the interested witness charge and the supplemental charge on reasonable doubt or to the alleged misconduct in the prosecutor's summation and therefore those claims are not preserved for appellate review (CPL 470.05 [2]); we decline to review them in the interest of justice. Were we to do so, we would find them to be without merit and would also note the overwhelming evidence of defendant's guilt.

The court did not err in adjudicating defendant a persistent felony offender and, in view of defendant's extensive criminal history and the instant crimes, we perceive no abuse of discretion in sentencing (*see, People v Farrar*, 52 NY2d 302, 305-306). Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.