■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ADAMS, Appellant. [701 NYS2d 22] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered November 2, 1998, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second violent felony offender, to a term of 25 years, unanimously affirmed.

The court's *Allen* charge was not coercive. The absence of coercion is established by the language of the charge, which, read as a whole, was clearly neutral and balanced (*compare, People v Perez*, 164 AD2d 839, *affd* 77 NY2d 928, *with People v Demery*, 60 AD2d 606) and by the fact that the jury took nearly five hours to reach a verdict after the delivery of the charge (*see, People v Smalls*, 237 AD2d 116, *lv denied* 89 NY2d 1100).

Defendant failed to preserve his claim that he was deprived of a fair trial because a witness was mentioned in the People's

opening statement but failed to testify, and because the People allegedly elicited, by implication, a hearsay declaration of the unavailable witness. The court offered to provide curative relief but directed defendant to identify the offending portions of the record. This was not done and nothing further was said on this subject. Accordingly, there was no implied denial of defendant's requests for relief, and such requests were clearly abandoned (*see, People v Cobos*, 57 NY2d 798, 802; *People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). We decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find no bad faith or undue prejudice concerning the failure of the witness to testify (*see, People v De Tore*, 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York*, 419 US 1025), and we would find that the substance of the officer's conversation with the witness was not revealed by implication. Moreover, the fact that the officer had a conversation with the witness was relevant, in context, to complete the narrative and explain police actions.

Defendant's failure to request any further relief after the court provided a curative instruction for the prosecutor's improper Biblical reference in summation has rendered his present contention unpreserved for appellate review (*People v Heide*, 84 NY2d 943, 944), and we decline to review it in the interest of justice. Were we to review this claim, we would find that this single comment was not so harmful as to deprive defendant of a fair trial (*People v Taylor*, 162 AD2d 175, *lv denied* 76 NY2d 866). The record fails to support defendant's claim that the prosecutor mischaracterized a witness's testimony. Concur—Nardelli, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.