**Ronald PURDY, Petitioner,**

v.

**Floyd G. BENNETT, Jr., Superintendent, Elmira Correctional Facility, Respondent.**

**No. 01 Civ.3636(LAP)(GWG).**

United States District Court,
S.D. New York.

July 31, 2002.

Ronald F. Purdy, Elmira, NY, pro se.

Nisha M. Desai, Assistant District Attorney, Bronx, NY, for respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

PRESKA, District Judge.

Petitioner Ronald Purdy ("Purdy") filed a Petition for a Writ of Habeas Corpus on April 30, 2001. On May 15, 2001, the case was referred to the Honorable Gabriel W. Gorenstein, United States Magistrate Judge. Judge Gorenstein ordered respondent Floyd G. Bennett, Jr. ("Bennett") to file an answer, other responsive pleading or a motion by July 16, 2001—a date subsequently extended until October 12, 2001.

On October 10, 2001, Nisha M. Desai, District Attorney, Bronx County, moved for an order on behalf of Bennett to dismiss Purdy's Petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to commence the proceeding within the period of limitations set forth in 28 U.S.C. § 2244(d)(1) and *Ross v. Artuz*, 150 F.3d 97 (2d Cir.1998). On November 14, 2001, Purdy filed a Traverse responding to the motion to dismiss. On January 31, 2001, Judge Gorenstein issued a Report and Recommendation (the "Report") dismissing Purdy's petition. On or about March 29, 2002, Purdy filed objections to the Report.

Having reviewed Judge Gorenstein's Report and Purdy's objections, I find the

objections to be without merit, and I find the Report to be well-reasoned and thoroughly grounded in the law. Accordingly, it is hereby

Ordered that the Report is adopted in its entirety, and petitioner's petition is dismissed.

The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

## REPORT AND RECOMMENDATION

GORENSTEIN, United States Magistrate Judge.

Ronald Purdy, the *pro se* petitioner in this matter, is a prisoner at the Elmira Correctional Facility. Purdy has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent now moves to dismiss the petition as time barred pursuant to Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. § 2244(d)(1).

## I. STATEMENT OF FACTS

On April 1, 1985, following a jury trial in New York State Supreme Court, Bronx County, a judgment was entered convicting Purdy of four counts of Robbery in the First Degree (N.Y. Penal Law § 160.15) and Possession of Marijuana (N.Y. Penal Law § 221.05). *See* Affidavit In Support of Motion to Dismiss Petition for Habeas Corpus, dated October 2001 ("Resp.Aff."), ¶ 3; Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody, dated March 15, 2001 ("Habeas Petition") at 1. As a persistent violent felony offender, Purdy was sentenced to twenty-five years to life imprisonment. *See* Resp. Aff., ¶ 3; Habeas Petition at 1. Prior to sentencing, Purdy filed a petition for writ of habeas corpus under New York

State law alleging that Purdy had suffered an unconstitutional arrest, had ineffective assistance of counsel, and was deprived of a fair trial. *See* Memorandum of Law in Support of Application for Writ of Habeas Corpus, dated March 7, 1985, reproduced as Resp. Aff., Ex. 1. This petition was dismissed. *See* Habeas Petition at 3; *see also* Resp. Aff., ¶ 4.

In his direct appeal to the Appellate Division, First Department, Purdy, through counsel, claimed that there had been a number of errors at trial, including improper admission of evidence, prejudicial comments by the prosecutor, an erroneous ruling by the trial judge allowing the prosecutor to inquire about Purdy's prior convictions, an erroneous sentence based on the conclusion that Purdy was a persistent violent felony offender, and an improper sentence due to the absence of a pretrial sentence report. He also claimed ineffective assistance of counsel. *See* Brief on Behalf of Appellant Ronald Purdy (undated), reproduced as Resp. Aff., Ex. 2. In a *pro se* supplemental brief, bearing a service date of April 18, 1986, Purdy argued that his guilt as to robbery was not proven beyond a reasonable doubt and that he was deprived of a fair trial and due process of law. *See* Appellant's *Pro Se* Supplemental Brief, reproduced as Resp. Aff., Ex. 4. On December 4, 1986, the Appellate Division, without opinion, unanimously affirmed the conviction. *See* People v. Purdy, 125 A.D.2d 1013, 508 N.Y.S.2d 359 (1st Dep't 1986). On February 16, 1987, the New York Court of Appeals denied Purdy's application for leave to appeal the Appellate Division's ruling. *See People v. Purdy*, 69 N.Y.2d 832, 513 N.Y.S.2d 1039, 506 N.E.2d 550 (1987). On February 27, 1987, and again on April 28, 1987, Purdy filed petitions with the Appellate Division to amend the remittitur to

include certain constitutional questions.[1] *See* Resp. Aff. at ¶¶ 7, 8. The Appellate Division denied these petitions. *See id.* On or about June 23, 1987, Purdy filed an Article 78 application in the New York Court of Appeals seeking to compel the Appellate Division to amend the remittitur. *See id.* at ¶ 9. The Court of Appeals rejected this application on jurisdictional grounds. *See id.*

On July 9, 1992, Purdy filed a petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody, dated June 2, 1992 ("1992 Petition") in *Purdy v. Senkowski,* No. 92 Civ. 5125(S.D.N.Y.), reproduced as Resp. Aff., Ex. 5. In the 1992 Petition, Purdy alleged that his arrest amounted to an unconstitutional search and seizure, his counsel was ineffective, his trial was unfairly conducted, and his due process rights were violated. *See id.* at 5–6. On January 24, 1995, the Court (per Leisure, J.) ruled that Purdy failed to exhaust his ineffective assistance of counsel claims. Because the petition contained unexhausted claims, the court dismissed the entire petition. The court dismissed the petition without prejudice, instructing Purdy to return to federal court when he had either submitted the petition without the unexhausted claims or had exhausted those claims through a post-judgment motion pursuant to New York Criminal Procedure Law § 440.10 (hereinafter, a "440 motion"). *Purdy v. Senkowski,* 1995 WL 16785 (S.D.N.Y. Jan.18, 1995) (reproduced as Resp. Aff., Ex. 7). Purdy did not appeal this order.

Rather than file a 440 motion, Purdy apparently took no action for two years. Then—without having returned to State court to exhaust his claim—Purdy filed a second federal habeas petition in April 1997, raising precisely the same claims he raised in the 1992 Petition. *See* Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody, dated April 21, 1997 ("1997 Petition") in *Purdy v. Senkowski,* No. 97 Civ. 3877 (S.D.N.Y.), reproduced as Resp. Aff., Ex. 9. On September 15, 1997, Magistrate Judge Henry B. Pitman recommended that the petition be dismissed. *See* Report and Recommendation, reproduced as Resp. Aff., Ex. 11. Judge Pitman determined that the petition was untimely under the limitation period established by the 1996 Anti–Terrorism and Effective Death Penalty Act (the "AEDPA") because Purdy did not file the petition until after a "reasonable time" had elapsed. *Id.* at 4–8.[2] In an alternative holding, he ruled that because "Purdy has taken no steps whatsoever to remedy his failure to exhaust, his assertion of the same ineffective assistance [of counsel] claim a second time requires dismissal for the reasons stated by Judge

---

**1.** In New York State practice, a "remittitur" refers to the judgment or order of an appellate court. *See* Civil Practice Law and Rules 5524(b); *cf.* New York Court Rules § 500.15 (rule on issuance of remittitur). A motion to amend the *remittitur is* sometimes made to request that a court indicate that its decision has passed on a federal issue. *See, e.g., United States ex rel. Knight v. Fay,* 232 F.Supp. 910, 911–12 (S.D.N.Y.1964); *see also* David D. Siegel, Supplementary Practice Commentaries, § C5424:2 McKinney's Consol. Laws of N.Y. (1998) (motion to amend the remittitur used "to clarify the involvement of [a

federal] issue so as to set the stage for a petition for certiorari to the U.S. Supreme Court, with the hope of obtaining further review of the federal issue").

**2.** The Second Circuit subsequently held that for convictions that occurred prior to the establishment of the AEDPA's limitation period, a habeas petition is timely if filed within one year of the AEDPA's effective date, which was April 24, 1996. *See Ross v. Artuz,* 150 F.3d 97, 103 (2d Cir.1998).

Leisure in 1995." *Id.* at 8. Finally, Judge Pitman recommended that certification under 28 U.S.C. § 1915(a)(3) be issued that any appeal would not be taken in good faith. *Id.* at 11. On October 14, 1997, District Judge Deborah A. Batts adopted Judge Pitman's Report and Recommendation in its entirety. *See* Order, filed October 14, 1997, reproduced as Resp. Aff., Ex. 12.

On November 13, 1997, Purdy moved in the Second Circuit for a certification of appealability of the judgment dismissing the 1997 Petition. *See* Notice of Appeal, dated November 13, 1997, reproduced as Resp. Aff., Ex. 13. On April 13, 2000, the Second Circuit denied this motion "solely because appellant's ineffective assistance of trial counsel claim is unexhausted." *See* Order, reproduced as Resp. Aff., Ex. 14. The Second Circuit instructed Purdy to exhaust this claim by filing a 440 motion or to file a habeas petition that does not contain this unexhausted claim. *See id.* This decision also specifically noted that "[t]his Court makes no ruling on the question of timeliness either after the claim has been exhausted or if appellant has abandoned the unexhausted claim." *See id.*

On May 23, 2000, over five years after he had first been instructed to do so, Purdy filed a 440 motion in the Bronx County Supreme Court, seeking to vacate his conviction on the ground that he had received ineffective assistance of counsel at trial. *See* Resp. Aff. at ¶ 15; Habeas Petition at 3. On June 29, 2000, the court denied his motion. *See* Resp. Aff. at ¶ 15; Habeas Petition at 3. On September 21, 2000, the Appellate Division denied Purdy leave to appeal the Supreme Court's denial of his motion. *See* Resp. Aff. at ¶ 15.

On March 15 2001[3], Purdy executed the instant Habeas Petition, which was received by the Court's Pro Se Office on March 19, 2001, and filed on April 30, 2001. In the petition, Purdy raises the same grounds for relief that were raised in his prior habeas petitions: that his arrest was unconstitutional, that he was denied his right to a fair trial, that his trial counsel was ineffective, and that he was denied due process of law. Habeas Petition at 4–4B. By Order filed May 15, 2001, District Judge Loretta A. Preska referred the petition to the undersigned for a Report and Recommendation. On May 17, 2001, the Court ordered the respondent to file an answer, other responsive pleading, or a motion by July 16, 2001—a date that was subsequently extended until October 12, 2001. The order also gave Purdy thirty days to file a response to any motion filed by the respondent.

By notice of motion, filed October 12, 2001, the respondent moved to dismiss the petition, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted on the ground that Purdy failed to file the petition within the limitation period set forth in 28 U.S.C. § 2244(d)(1). *See* Notice of Motion To Dismiss Pursuant To Fed.R.Civ.P. Rule 12(b)(6) and 28 U.S.C. § 2244(d)(1), filed October 12, 2001. On November 14, 2001, Purdy's Traverse and Memorandum of Law ("Traverse") was filed in response to respondent's motion.

## II. *DISCUSSION*

### A. *Applicability of Fed.R.Civ.P. 12(b)(6)*

■ In his Traverse, Purdy claims that "dismissal pursuant to Fed.R.Civ.P. Rule

---

**3.** The petition is actually dated March 15, 2000, but because it was received by the Pro Se Office on March 19, 2001, and refers to events that took place after March 13, 2000, *see, e.g.,* Habeas Petition at 3, the Court concludes that Purdy inadvertently wrote 2000 instead of 2001.

12(b)(6) is an inappropriate motion in a habeas corpus proceeding," Traverse at 1, citing to *Browder v. Director, Dep't of Corr. of Illinois,* 434 U.S. 257, 269 n. 14, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). In *Browder,* the Supreme Court in dictum indeed stated that a motion to dismiss a habeas proceeding was "inappropriate." *Id.* That statement, however, was made with respect to a petition that had been filed prior to the enactment of the Rules Governing Section 2254 Cases In the United States District Courts ("2254 Rules"). The 2254 Rules provide that, rather than require the filing of an Answer (the normal process under Rule 5), the Court may "take such other action as the judge deems appropriate." The Advisory Committee Notes state that this provision is

> designed to afford the judge flexibility in a case where either dismissal or an order to answer may be inappropriate. For example, the judge may want to authorize the respondent to make a motion to dismiss .... In these situations, a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the merits of the petition.

In this case, the Court had issued an order specifically invoking Rule 4 and granting leave to "respondents .. to move with respect to the petition." *Order,* filed May 18, 2001, at ¶ 4. The Court's grant of permission to move with respect to the petition was "deem[ed] appropriate" because it avoided burdening the respondent with fil-

ing a formal answer in the event the respondent was able to raise a dispositive ground for dismissal. *See White v. Lewis,* 874 F.2d 599, 602–03 (9th Cir.1989) (motion to dismiss habeas petition on procedural grounds is authorized by 2254 Rules); *Ukawabutu v. Morton,* 997 F.Supp. 605, 608 (D.N.J.1998) ("The district court certainly has discretion to order or permit respondents, upon request, to file a motion to dismiss as one of the 'other actions' which the court may allow, including the discretion to permit the filing of a motion to dismiss before a respondent files an answer.").[4] Accordingly, Purdy's challenge to the manner in which the respondent has raised the statute of limitations issue must be rejected.

**B. *The AEDPA Limitation Period***

The AEDPA imposes a one-year limitation period on federal habeas corpus applications by a person in custody pursuant to a state court judgment. 28 U.S.C. 2244(d)(1). The one year limitation period runs from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

---

4. In further support of this Court's grant of permission, Rule 11 of the 2254 Rules states that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." *See also* Fed.R.Civ.P. 81(a)(2) ("[t]hese rules are applicable to proceedings for ... habeas corpus ... to the extent that the practice in such

proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions"); *Davis v. Artuz,* 2001 WL 1006723, at *1 (S.D.N.Y. Aug.31, 2001) ("Rule 11 of the Rules Governing Section 2254 ... and Rule 81(a)(2) ... permit a court to apply the Federal Rules of Civil Procedure to habeas corpus proceedings.").

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The only subsection apparently applicable to this case—and the only one to be argued by either of the parties—is subsection (A): the date on which the petitioner's State court judgment of conviction became final.

■ Purdy was convicted in the Bronx County Supreme Court in 1986. The Court of Appeals denied leave to appeal on February 16, 1987. Therefore, including the 90 day period in which Purdy could have sought review in the U.S. Supreme Court, *see, e.g., Smith v. McGinnis,* 208 F.3d 13, 15 n. 1 (2d Cir.), *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000), the judgment became final on May 16, 1987. Prisoners whose convictions became final prior to the effective date of the AEDPA, April 24, 1996, however, are afforded a one-year grace period following that date, or until April 24, 1997. *Ross v. Artuz,* 150 F.3d 97, 103 (2d Cir.1998). Therefore, Purdy had until April 24, 1997, to file a federal habeas petition. The present petition, however, was not filed until March 2001, and thus is untimely unless Purdy can show that the limitations period was sufficiently tolled.

■ 28 U.S.C. 2244(d)(2) provides that the limitation period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." During the one-year period between April 24, 1996, and April 24, 1997, however, Purdy had not filed, nor was there pending, any application for State post-conviction or other collateral review. While Purdy had arguably filed the 1997 federal habeas petition on April 21, 1997,[5] the filing of the 1997 petition is of no significance for the statute because a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. 2244(d)(2). *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001). Thus, the instant petition is untimely.

### C. *Equitable Tolling*

Because the one-year deadline for filing a section 2254 petition is a statute of limitations and not a jurisdictional bar, however, equitable tolling is available. *Smith v. McGinnis,* 208 F.3d at 17. The Second Circuit has held that the AEDPA's one-year limitation period may be equitably tolled where a petitioner shows that "extraordinary circumstances prevented him from filing his petition on time." *Smith,* 208 F.3d at 17. In addition, the petitioner seeking equitable tolling must "have acted with reasonable diligence throughout the period he seeks to toll." *Id.* Equitable tolling may only be applied in "rare and exceptional circumstances." *Id.* (quoting *Turner v. Johnson,* 177 F.3d 390, 391–92 (5th Cir.), *cert. denied,* 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999)); *accord Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001).

As an initial matter, it is important to identify the periods requiring tolling in order for the instant petition to be timely.

---

**5.** The 1997 Petition is dated April 21, 1997, and was stamped "received" by this Court's Pro Se Office on April 28, 1997. Assuming without deciding that Purdy delivered the petition to prison authorities for mailing on April 21, 1997, he is entitled to have the petition deemed filed on that date. *See Noble v. Kelly,* 246 F.3d 93, 97–98 (2d Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 197, 151 L.Ed.2d 139 (2001).

The periods are: (1) from April 26, 1996 (the date on which the petition was considered "final" for purposes of 28 U.S.C. § 2244(d)(1)(A)) to May 23, 2000 (the date on which the 440 motion was filed); and (2) from September 21, 2000 (the date the Appellate Division denied Purdy leave to appeal the denial of the 440 motion) to March 15, 2001 (the presumed date of the delivery of the instant petition to prison authorities for mailing). These two periods total more than 4–1/2 years.

■ Purdy offers two bases for equitable tolling. First, he claims that during the first week of July 2000, he was transferred from the Clinton Correctional Facility to the Elmira Correctional Facility and "in the process of this transfer, most of petitioner's transcripts and research material were lost," which delayed his filing of the instant petition. *See* Brief of Fact & Law For Petitioner, received by the Court's Pro Se Office on March 19, 2001 ("Purdy Brief") at 5. Assuming without deciding that this was an extraordinary circumstance beyond Purdy's control and that he acted with reasonable diligence, it could serve to toll only some portion of the second period discussed above. To make a successful equitable tolling showing, however, a petitioner must demonstrate extraordinary circumstances that prevented the filing of the petition *on time*. *Smith,* 208 F.3d at 17. The alleged loss of papers occurred long after the limitation period expired and thus could not have prevented Purdy from filing the petition on time. Accordingly, this argument fails.

■ Purdy also argues that he abstained from complying with the clear direction of the Court in January 1995 to exhaust his claims through a 440 motion because he believed it would be "futile" to do so. Purdy Brief at 3. His basis for this belief is that he "had already presented all of his issues" to the state courts, "resulting

in these courts completely ignoring the issues." *Id. See also* Traverse at 14 (exhausting state remedies would have been a "futile gesture"). A petitioner's personal view that a claim has already been presented to the state courts after a district court's ruling to the contrary is insufficient to meet the petitioner's burden that he act with "reasonable diligence," *Smith,* 208 F.3d at 17. *See also Smaldone,* 273 F.3d at 138 (habeas petitioners seeking equitable tolling are required to show they acted with "reasonable diligence" and that extraordinary circumstances beyond their control prevented them from filing the petition). Had Purdy been acting with reasonable diligence, he would have complied with the district court's ruling on the 1992 Petition and either excised his unexhausted claim from his petition or returned to the state court to exhaust it. Instead, he waited until after the 1997 Petition was denied and after the limitation period had run to exhaust his unexhausted claim. There are no allegations of extraordinary circumstances beyond Purdy's control that prevented him from either promptly exhausting this claim or filing a timely habeas petition.

### D. *Purdy's Other Arguments*

■ Purdy spends the majority of his opposition to the respondent's motion arguing that his ineffective assistance of counsel claims in fact were properly exhausted, notwithstanding the 1995 decision of the district court to the contrary. Traverse at 5–12. Because this issue was previously and necessarily decided by a valid and final judgment to which Purdy was a party, collateral estoppel prevents Purdy from re-litigating this issue. *See, e.g., Flaherty v. Lang,* 199 F.3d 607, 613 (2d Cir.1999) (describing elements of collateral estoppel).

■ Finally, Purdy also seems to argue that this Court should consider all of the federal petitions as one petition, thus deeming the present petition to have been filed when the 1992 Petition was filed. Traverse at 3–4. This argument, however, is foreclosed by *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir.), *cert. denied*, 531 U.S. 968, 121 S.Ct. 404, 148 L.Ed.2d 312 (2000), which held that a habeas petition cannot relate back to a previously-filed and dismissed petition for purposes of meeting a statute of limitations.

## III. *CONCLUSION*

The petition should be dismissed as barred by the applicable statute of limitations.

### Notice of Procedure for Filing of Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report to file any written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at 40 Centre Street, New York, New York 10007. Any requests for an extension of time to file objections must be directed to Judge Preska. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).