■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ANDERSON, Also Known as EARL JACKSON, Appellant. [758 NYS2d 625] —Judgment, Supreme Court, Bronx County (Michael Gross, J.), rendered February 15, 2001, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The court properly exercised its discretion in admitting evi-

dence that defendant had no pads on his fingertips. This evidence does not constitute a prior bad act requiring analysis under *People v Molineux* (168 NY 264 [1901]) since there was no evidence presented as to how this condition came about, and no attempt to suggest that defendant intentionally altered his fingertips. This evidence was relevant to explain why the police officer failed to fingerprint the toolbox found in defendant's possession, and did not, without more, evoke bad character or a propensity to commit crimes (*see People v Flores*, 210 AD2d 1, 2 [1994], *lv denied* 84 NY2d 1031; *see also People v Wilson*, 226 AD2d 241 [1996], *lv denied* 88 NY2d 997 [1996]). Any prejudicial effect was minimized by the court's thorough instructions, in which it directed the jury not to speculate as to the cause of the fingertip condition or to draw any unfavorable inference.

The challenged portions of the People's summation generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, in response to defense arguments and did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The prosecutor did not invite the jury to convict defendant based on his propensity to commit the crimes charged, nor did he attempt to shift the burden of proof. In fact, the prosecutor repeatedly urged the jury to base its decision solely on the evidence. Even if we were to find that the prosecutor's Biblical allusions were improper, we would find the error to be harmless in light of the overwhelming evidence of defendant's guilt. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.