■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JOHNSON, Appellant. [770 NYS2d 659]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered November 19, 2001, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, promoting prostitution in the second degree, and promoting prostitution in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, questions and remarks by the prosecutor during voir dire, opening, and cross-examination were fair comment on the evidence, or within the bounds of permissible rhetoric (*see People v Adamo,* 309 AD2d 808 [2003]; *People v Mejias,* 296 AD2d 583 [2002]; *People v Vasquez,* 287 AD2d 584 [2001]; *People v Etoria,* 266 AD2d 559 [1999]).

While the prosecutor's references to religion during summation were improper, they were harmless in light of the overwhelming proof of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Ivory,* 307 AD2d 1000 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Anderson,* 304 AD2d 450 [2003], *lv denied* 100 NY2d 592 [2003]; *People v Taylor,* 162 AD2d 175 [1990]). Contrary to the defendant's contention on appeal, the remainder of the prosecutor's comments on summation were fair comment on the evidence or within the bounds of permissible rhetoric. Florio, J.P., Smith, Luciano and Rivera, JJ., concur.