**Joseph F. CHAVEZ, Petitioner,**

v.

**Kenneth MORGAN, Respondent.**

No. 96–C–730.

United States District Court,
E.D. Wisconsin.

July 30, 1996.

Joseph F. Chavez, Sturtevant, WI, Pro Se.

Gregory M. Posner–Weber, Wisconsin Department of Justice, Office of the Attorney General, Madison, WI, for Respondent.

### ORDER

RANDA, District Judge.

This matter comes before the Court on respondent's motion to dismiss. As the Court recently noted, a motion to dismiss is generally *not* an appropriate pleading in response to a petition for a writ of habeas corpus:

> Respondent's conception—which lies at the heart of his view that the lack of an evidentiary hearing rendered the order of October 21 nonfinal—seems to have been that a Rule 12(b)(6) motion is an appropriate motion in a habeas corpus proceeding, and that upon denial of such a motion, the case should proceed through answer, discovery, and trial. This view is erroneous. [Citation omitted.] The custodian's response to a habeas corpus petition is not like a motion to dismiss. The procedure for responding to the application for a writ of habeas corpus, unlike the procedure for seeking correction of a judgment, is set forth in the habeas corpus statutes and, under Rule 81(a)(2), takes precedence over the Federal Rules.

*Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 269, n. 14, 98 S.Ct. 556, 563, n. 14, 54 L.Ed.2d 521 (1978); *see also, Johnson v. Gudmanson,* Case No. 96–C–354 (7/23/96, J., Randa). The appropriate response is an "answer" which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions (either on direct appeal or otherwise). *See,* Rule 5 of the Rules Governing § 2254 Cases. These latter documents are critical insofar as they, among other things, enable the Court to accurately review the procedural history of the case in order to determine whether the petitioner has exhausted his state court remedies and/or procedurally defaulted with respect to any or all of his claims. Even if it were clear that petitioner had procedurally defaulted or had not exhausted his state court remedies, such documents are often critical to determining whether "cause" and "prejudice", or "actual innocence", exist to excuse the default. All of these concerns are particularly relevant in this case, where such issues of exhaustion and procedural default constitute the respondent's first line of defense against the petition.

Because the respondent has not filed an appropriate answer, the Court does not have the requisite record. Instead, the respondent, in the customary manner of a motion to dismiss, seeks dismissal based simply on the allegations of the petition itself. But therein lies the problem of using motions to dismiss in habeas cases. Such petitions are typically prepared by prisoners with little knowledge of the pleading requirements in habeas cases and, more importantly, little to no access to the pleadings and other judicial documents which are necessary to determine whether or not they have properly exhausted their state court remedies. This case is a classic example. While it appears that petitioner may have failed to file a direct appeal of his conviction, he apparently has filed at least one motion for post-conviction relief with the sentencing judge and pursued additional relief in some form (the petitioner used the term "mandamus") in the Wisconsin Court of Appeals and the Wisconsin Supreme Court.

It is all somewhat hazy because the petitioner has attached some, but not all, of the relevant documents to his petition and does not (and perhaps cannot) otherwise clearly explain the procedural history of his case. Such circumstances demonstrate the impracticality of addressing exhaustion and default issues in the context of a motion to dismiss based solely on the allegations contained in a habeas petition. Such issues are better raised in the context of an "answer" which attaches all of the requisite documentation and which clearly sets forth the procedural history of the case. This is how the Wisconsin Attorney General's office has typically presented such issues and other affirmative defenses in the past and the Court would like to see that practice followed in all habeas cases, including this one.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Respondent's motion to dismiss is denied without prejudice;

2. Respondent's alternative motion for an enlargement of time is granted and respondent shall have twenty (20) days from the date of this Order to file an answer which complies with the requirements of Rule 5 of the Rules Governing § 2254 Cases.

**SO ORDERED.**