**Ra'zulu S. UKAWABUTU, Petitioner,**

v.

**Willis MORTON, Administrator, New Jersey State Prison and Peter Verniero, Esq., Attorney General of New Jersey, Respondents.**

**Civil Action Nos. 97–2888, 97–3252.**

United States District Court,
D. New Jersey.

March 9, 1998.

---

Ra'Zulu S. Ukawabutu, Trenton, NJ, pro se.

Peter Verniero, Attorney General of New Jersey, Craig V. Zwillman, Deputy Attorney General, Division of Criminal Justice, Appellate Bureau, Trenton, NJ, for Willis Morton, Peter Verniero.

## OPINION

ORLOFSKY, District Judge.

For the second time in this habeas corpus case, Respondents have filed a separate motion to dismiss the petition filed by Petitioner, Ra'Zulu S. Ukawabutu. The present motion to dismiss has been advanced on the ground that the petition contains both exhausted and unexhausted[1] claims and thus, is mixed and should be dismissed. The filing of a second successive "piecemeal" motion by Respondents in this case requires this Court to set forth and explain the procedures which have been adopted to litigate and manage the disposition of habeas corpus petitions in United States District Courts. Although I cannot discern from the record whether the filing of "piecemeal" motions to dismiss in this case by the State is the result of inadvertence or design, it is a practice which is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, a recently enacted federal statute which gives district courts the discretion to consider and deny unexhausted claims on their merits, 28 U.S.C. § 2254(b)(2), and fundamental principles of efficient case management. For the reasons set forth below, Respondents' second motion to dismiss will be denied without prejudice to Respondents' right to assert failure to exhaust as a defense in their answer.

## I. Facts and Procedural History

On June 21, 1991, Ra'Zulu Shameek Ukawabutu ("Petitioner"), formerly known as Shawn Maurice Jackson, was found guilty in a non-jury trial by Judge Robert Neustadter of the Superior Court of New Jersey, Law Division, Atlantic County, on all counts of an eleven-count indictment. The indictment included charges for conspiracy, kidnaping, robbery, and murder. Petitioner appealed the sentence and the conviction to the Superior Court of New Jersey, Appellate Division. On April 25, 1994, the Appellate Division remanded the case to the Law Division, determining that Petitioner was entitled to a new evidentiary hearing to challenge the admissibility of certain oral and taped statements that Petitioner had given to the police.

On September 21, 1994, on remand, Judge Neustadter held that the prosecution had established both that Petitioner's confession was not the product of his initial statement and that the taint of the initial statement was sufficiently attenuated to warrant admission of Petitioner's confession at trial. On April 7, 1995, the Appellate Division affirmed Petitioner's conviction and sentence. Finally, on June 7, 1995, the Supreme Court of New Jersey denied Petitioner's petition for certification.

Subsequently, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a request to proceed *in forma pauperis.* On June 11, 1997, this Court granted Petitioner's request that he be allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered Respondents to answer the petition within 45 days.

Respondents did not answer the petition, but instead filed a motion to dismiss the petition on the ground that the petition was filed after the one-year statute of limitations period had expired. On September 5, 1997, in an unpublished Opinion and Order, *Ukawabutu v. Morton, et al.,* Civil Action Nos. 3252, 2888, Opinion & Order (D.N.J. Sept. 5, 1997), this Court denied Respondents' motion to dismiss, finding that Petitioner had filed his petition within the one-year statute of

---

**1.** In general, an exhausted claims is one which a petitioner can show to have been "fairly presented" to the state courts. *See, e .g., Lambert v.* *Blackwell,* 134 F.3d 506 (3d Cir.1997); *Toulson v. Beyer,* 987 F.2d 984 (3d Cir.1993).

limitations established by 28 U.S.C. § 2244. Instead of filing an answer, on October 7, 1997, Respondents filed this second motion to dismiss, claiming that the petition contains both exhausted and unexhausted claims, and therefore, should be dismissed.

## II. Federal Habeas Corpus Procedure

Respondents in habeas corpus cases have long lacked precise and practical instructions regarding the appropriate procedures for responding to a federal habeas corpus petition. Perhaps as a result, respondents frequently file motions to dismiss a habeas petition in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than file an answer. Although there has been considerable confusion in this area of the law, I hold that the proper response to a habeas corpus petition is an answer prepared in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and that a motion to dismiss is appropriate only if, in its discretion, the district court directs or permits the respondents to file such a motion, either before or after the filing of an answer.

The enactment of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Corpus Rules" or "Hab. Corp. R.") altered the procedural landscape of federal habeas corpus cases.[2] Prior to the adoption of the Habeas Corpus Rules, a motion to dismiss was deemed an inappropriate response to a habeas petition. *See Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 269 n. 14, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). The Habeas Corpus Rules confer "ample discretionary authority" on district courts "to tailor the proceedings" in habeas cases. *See Lonchar v. Thomas,* 517 U.S. 314, 116 S.Ct. 1293, 1299, 134 L.Ed.2d 440 (1996). Thus, if the court does not summarily dismiss a petition, "the judge shall order the respondent to file an answer or other pleading ... or to take such other actions as the judge deems appropriate." Hab. Corp. R. 4.

A motion to dismiss is not an "answer or other pleading." *See* Fed.R.Civ.P. 7(a); *Willis v. Collins,* 989 F.2d 187, 189 (5th Cir.1993). The district court certainly has discretion to order or permit respondents, upon request, to file a motion to dismiss as one of the "other actions" which the court may allow, including the discretion to permit the filing of a motion to dismiss before a respondent files an answer. *See* Hab. Corp. R. 4 advisory committee's note; *White v. Lewis,* 874 F.2d 599 (9th Cir.1989). Thus, although "the state has no right, as it would in non-habeas civil litigation, to file a 12(b)(6) motion to dismiss, the Court now has the discretion to allow such a motion where ... the issues raised by the state are appropriate for summary resolution." *Shariff v. Artuz,* 1998 WL 17734, *1 n. 1 (S.D.N.Y. Jan.16, 1998).

While these procedures may always be tailored to fit the needs of individual cases, I believe that Judge Grady of the Northern District of Illinois has aptly described the normal initial steps in a habeas case:

> First, the petition is filed. Next, pursuant to Habeas Corpus Rule 4, the federal court reviews the petition to determine whether, on its face, the petition indicates that the petitioner is not entitled to relief in federal court. If the court determines that the petition passes this minimal test, the respondent is directed to answer the petition.... After a respondent answers and files the state record pursuant to Habeas Corpus Rule 5, it need not file any motion. [The court] simply proceed[s] to rule on the petition.

*United States ex rel. Martin v. Chrans,* 1986 WL 7076 (N.D.Ill. June 11, 1986) (citations omitted).

The answer to a habeas petition is not like an answer to a civil complaint. *See United States ex rel. Emerson v. Warden, Pontiac Correctional Center,* 1994 WL 110154, *2 n. 1 (N.D.Ill. Mar.29, 1994). The

---

**2.** I refer to these rules as the "Habeas Corpus Rules" because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254. *See Wyant v. Edwards,* 952 F.Supp. 348

(S.D.W.Va.1997); *Hudson v. Helman,* 948 F.Supp. 810 (C.D.Ill.1996); *Kramer v. Jenkins,* 108 F.R.D. 429 (N.D.Ill.1985).

answer should "respond to the allegations of the petition." Hab. Corp. R. 5. In exercising my broad discretion to manage habeas cases, I conclude that, unless the Court grants a respondent's request for leave to file a motion to dismiss, the answer should respond in an appropriate manner to the factual allegations of the petition *and* should set forth legal arguments in support of the respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. With respect to reasons why the petition should be dismissed, the legal arguments which would otherwise be advanced in a brief in support of a motion to dismiss should instead be set forth, with citations to appropriate legal authority, as defenses in an answer to a habeas petition.

 In addition, Rule 5 of the Habeas Corpus Rules wisely requires the respondents to attach various documents to their answer, for example, the relevant portions of the transcripts of the proceedings, if available. *See* Hab. Corp. R. 5; *Chavez v. Morgan*, 932 F.Supp. 1152, 1153 (E.D.Wis.1996).[3] The Court may also order, on its own motion or upon request of the petitioner, that further portions of the transcripts be furnished. These materials are crucial to any disposition of a habeas petition, and their necessity highlights the reasons why I will not permit respondents to file motions to dismiss without leave of Court. *See, e.g., Chavez*, 932 F.Supp. at 1153 ("Such petitions are typically prepared by prisoners with little knowledge of the pleading requirements in habeas cases and, more importantly, little to no access to the pleadings and other judicial documents which are necessary to determine whether or not they have properly exhausted their state court remedies."). Once the respondents

have filed a factually and legally adequate answer, attaching the appropriate components of the record, the Court may rule on the case as a whole unless the Court specifically requests or allows the filing of a motion to dismiss (either before or after an answer has been filed), directs that a hearing be held, or takes some other action with respect to the petition, for example, ordering that discovery be taken pursuant to the Habeas Corpus Rules.[4]

Consolidating the pleading and motion stages of a habeas case also serves other interests in addition to affording access to the relevant transcripts. The practice of filing successive motions to dismiss without filing an appropriate answer is wasteful of judicial resources and unnecessarily protracts the proceedings. Under the Anti–Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) (the "AEDPA"), the district court has the discretion to reach the merits of unexhausted claims, but only to deny them. *See* 28 U.S.C. § 2254(b)(2). The reason Congress conferred this discretion upon district courts is to promote judicial economy and to resolve habeas petitions more efficiently and fairly. Therefore, as a practical matter, if Respondents had filed their answer, in accordance with Rule 5 of the Habeas Corpus Rules and pursuant to the Order of this Court dated September 5, 1997, rather than filing motions in piecemeal fashion, this Court could have decided the statute of limitations issue raised by Respondents' first motion, the issue of exhaustion raised in Respondents' second motion, and the petition on its merits in one comprehensive opinion, if ultimately the claims were found to be without merit. Instead, by filing two successive

---

3. In support of their motion to dismiss for failure to exhaust, not with an answer, Respondents submitted some, but by no means all of the necessary documents. (*See* Respondents' Memorandum in Support of Motion to Dismiss, Exh. A–E (dated Oct. 7, 1997) (hereinafter Respondents' Memorandum)).

4. Respondents in this case have filed two separate motions to dismiss. I need not rule, at this point, however, on the availability of motions for summary judgment in the habeas context. *Compare, e.g., Atkins v. United States*, 1990 WL

126196, *3 (D.N.J. Aug.27, 1990) ("Given the nature of a habeas corpus petition, motions for summary judgment are unnecessary because petitions may be decided immediately by the court following submission of the pleadings, provided no material issues of fact exists.") *with Randle v. Scott*, 43 F.3d 221, 226 (5th Cir.) ("We recognize summary judgment proceedings as an appropriate mode used by the district courts of this Circuit in habeas corpus proceedings."), *cert. denied*, 515 U.S. 1108, 115 S.Ct. 2259, 132 L.Ed.2d 265 (1995).

motions to dismiss, asserting different grounds, the first of which has been denied on the merits, and the second of which will be denied without prejudice, and by not answering the petition in accordance with the provisions of the Habeas Corpus Rules, Respondents have delayed the ultimate resolution of the petition on the merits, a result which disserves the interests of all concerned.

Moreover, motions to dismiss for failure to exhaust deprive the Court of an opportunity to exercise its discretion to consider the merits of unexhausted claims, a discretion which Congress specifically conferred upon district courts in the AEDPA and which allows federal judges to deny meritless, but unexhausted habeas claims. In this case, had Respondents filed an answer, including the defense of failure to exhaust, the Court could have determined whether Petitioner's allegedly unexhausted claims were without merit and denied them, or required Petitioner to exhaust his claims. In the final analysis, it may be far more efficient for a district court to consider and perhaps deny a meritless, but unexhausted habeas claim.

A habeas petitioner who challenges the legality of his state custody is entitled to a reasonably prompt disposition of his petition. To allow the Great Writ to languish in a procedural morass of Respondents' own creation mocks the constitutional guarantee of the Writ and the intent of Congress to preserve its availability. The procedures outlined in this Opinion will streamline habeas practice and afford district courts an opportunity to manage and adjudicate petitions efficiently and promptly.[5]

### III. Conclusion

For the reasons set forth above, Respondents' motion to dismiss the petition will be denied without prejudice to their right to assert failure to exhaust as a defense in their answer. Pursuant to Rule 4 of the Habeas Corpus Rules, I will order Respondents to file an answer, within the meaning of Rule 5 of the Habeas Corpus Rules, within twenty (20) days. The Court will enter an appropriate order.

### ORDER

This matter having come before the Court on the motion of Respondents, Willis Morton, Administrator, New Jersey State Prison, Peter Verniero, Esq., Attorney General of New Jersey, Craig V. Zwillman, Esq., Deputy Attorney General, appearing, to dismiss the petition for writ of habeas corpus for failure to exhaust state remedies, Petitioner, Ra'Zulu S. Ukawabutu, appearing *pro se;* and

The Court having considered the Memorandum in Support of the Motion to Dismiss submitted by Respondents and the Memorandum in Support of Motion in Opposition to Respondents' Motion to Dismiss submitted by the Petitioner, the state court record, and the petition for writ of habeas corpus for the limited purpose of defining the claims;

For the reasons set forth in an OPINION filed concurrently with this ORDER,

IT IS HEREBY ORDERED on this 9th day of March, 1998, that Respondents' motion to dismiss the petition for failure to exhaust is DENIED WITHOUT PREJUDICE to Respondents' right to assert failure to exhaust as a defense in their Answer;

IT IS FURTHER ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, that Respondents shall file an Answer to Petitioner's Petition within twenty (20) days from the date of this Order in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts; and

IT IS FURTHER ORDERED that Respondents attach to their Answer all documents required by Rule 5, including, but not limited to, any pleadings, orders, transcripts, summaries, briefs, opinions, and orders; and

IT IS FURTHER ORDERED that Respondents raise by way of their Answer any appropriate defenses which Respondents

---

5. I respectfully urge the Attorney General to distribute copies of this Opinion to the appropriate members of his office to prevent such unnecessary and wasteful motion practice in habeas cases in the future.

wish to have the Court consider, including, but not limited to failure to exhaust available state remedies.