# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1098

_____

| | | |
|---|---|---|
| John E. Bohan; Dana B. Badgerow, individually, and as representatives of a class, | * * * * | |
| Appellants, | * * | |
| v. | * * * | Appeal from the United States District Court for the District of Minnesota. |
| Honeywell International, Inc., a Delaware corporation, | * * * | |
| Appellee. | * * | |

_____

Submitted: February 13, 2004

Filed: May 3, 2004

_____

Before BYE, HEANEY, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

John Bohan and Dana Badgerow, both former Honeywell employees, filed this class action suit contending their rights to accelerated benefits under Honeywell's Stock Plan were triggered by a shareholders' vote approving a merger between

Honeywell and General Electric (GE). The district court[1] granted Honeywell's motion to dismiss under Fed. R. Civ. P. 12(b)(6), determining the language of the controlling stock plan is unambiguous and government regulators' successful efforts to block the merger prevent acceleration. We affirm.

I

As part of appellants' compensation, each received stock grants and separate options pursuant to Honeywell's stock plan for high performing employees. The employees' stock grants are governed by its "1993 Stock Plan for Employees of Honeywell International Inc. and its Affiliates" (1993 Stock Plan) and the corresponding "Restricted Unit Agreement." The 1993 Stock Plan and Restricted Unit Agreement specify the granted stock shall be converted into cash upon the occurrence of designated circumstances which trigger an "Acceleration Date." The employees' stock options are governed by the 1993 Stock Plan and corresponding Option Agreement. The employees contend Honeywell promised in the 1993 Stock Plan and the Option Agreement to provide them with stock options for ten years from the date of issuance upon acceleration caused by the approval of a merger.

The primary question on appeal is whether the circumstances in this case triggered acceleration under the 1993 Stock Plan. On January 10, 2001, Honeywell's shareholders approved a merger between it and GE which would have resulted in Honeywell becoming a wholly-owned GE subsidiary upon conversion of its stock to shares of GE. Ultimately, the GE-Honeywell merger was blocked by regulators and not consummated. Honeywell did not convert plaintiffs' stock grants into cash and maintains some or all of plaintiffs' stock options have expired or will before the 10-year term ends.

---

[1]The Honorable Joan N. Ericksen , United States District Judge for the District of Minnesota.

Both parties agree the case turns on paragraph 12(a) of the 1993 Stock Plan. It defines the events causing acceleration and provides in pertinent part:

> A Stock Option shall become immediately exercisable as to all Shares remaining subject to the Stock Option and all restrictions shall lapse or terminate and all conditions shall be waived with respect to all restricted Shares or restricted Units on or following . . . (iii) a merger in which the Company will not survive as an independent publicly owned corporation, a consolidation, or a sale, exchange or other disposition of all or substantially all of the Company's assets which, in each instance, is approved by the Company's shareowners eligible to vote on the transaction, other than Section 16 Employees, whether or not the transaction is conditioned on such approval. . .

The district court granted Honeywell's motion to dismiss, concluding this language unambiguously contemplates acceleration only following the consummation of a merger which results in Honeywell no longer existing as a separate publicly owned entity. The court concluded shareholder approval of a merger is necessary, but insufficient, to trigger acceleration. The district court concluded because it is undisputed no merger took place there was no acceleration of benefits under the 1993 Stock Plan. We agree.

II

We review the district court's dismissal de novo, applying the same standards as those employed by the district court. Grey v. Wilburn, 270 F.3d 607, 608 (8th Cir. 2001). Thus, this court would affirm the decision below if appellants cannot prove any set of facts that would entitle them to relief. Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999). In ruling on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff.

-3-

Midwestern Mach., Inc. v. Northwest Airlines, Inc., 167 F.3d 439, 441 (8th Cir. 1999).

Both of the operative contracts here contain Delaware choice of law provisions, and the employees concede the district court properly applied Delaware law to their claims. Under Delaware law, the interpretation of a contract is a question of law, Pellaton v. Bank of N.Y., 592 A.2d 473, 478 (Del. 1991), and if the contractual language is "clear and unequivocal, the parties are to be bound by its plain meaning." See O'Brien v. Progressive N. Ins. Co., 785 A.2d 281, 288 (Del. 2001).

We agree the district court's analysis and conclusion wherein the 1993 Stock Plan language, being clear and unambiguous, favors Honeywell. Under the plain contract language, acceleration occurs "*on or following* . . . a merger . . ." ¶ 12(a) of 1993 Stock Agreement (emphasis added). In this case, it is undisputed *there was no merger*. The employees argue the January 2001 shareholder approval of the proposed GE-Honeywell merger constituted an acceleration event under subheading (iii). They base their argument on a reading of the clause near the end of subheading 12(a)(iii) of the Stock Plan, stating "which, in each instance, is approved by the Company's shareowners . . . ." The employees attempt to elevate the dependent clause of shareholder approval of a merger to the triggering event for acceleration. We find, however, shareholder approval is a necessary but not sufficient condition for acceleration. The shareholder approval clause functions to clarify the type of merger which would be a triggering event for acceleration. Based on a plain reading of the Stock Plan, we conclude the merger itself is the triggering event for acceleration, and in this case such did not occur.

We affirm the district court's grant of Honeywell's motion to dismiss.

_____