**William F. EBERT, Jr., Petitioner,**

v.

**Harold CLARKE, Respondent.**

**No. 8:04CV40.**

United States District Court,
D. Nebraska.

June 14, 2004.

William F. Ebert, Jr., Omaha, NE, pro se.

Jeffrey J. Lux, Attorney General's Office, Lincoln, NE, for Respondent.

Jon C. Bruning, Jeffrey J. Lux, Attorney General's Office, Lincoln, NE, for Interested Party.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This matter is before the court on the petitioner's pro se statement of appeal (filing 15) from an order that was entered by Magistrate Judge Gossett on April 7, 2004 (filing 12), permitting the respondent to file a limited response to the petition for writ of habeas corpus. Upon careful review of the court file, and after considering the arguments made and authorities cited in petitioner's brief (filing 16),[1] I conclude that the order should be sustained because it is neither clearly erroneous nor contrary

---

1. The Nebraska Attorney General has not filed a responsive brief.

to law. *See* 28 U.S.C. § 636(b)(1)(A) and NELR 72.3(d).

Although the petitioner's appeal will be denied, I agree with the petitioner that the "limited answer" (filing 13) that was filed by the respondent does not satisfy the pleading requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Corpus Rules"). This filing, which only pleads an affirmative defense of the statute of limitations, will instead be treated as a motion for summary judgment.

### I.

The record shows that the petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 on February 2, 2004, complaining that he is not receiving credit for good time. Judge Gossett conducted an initial review of the petition pursuant to Habeas Corpus Rule 4, and, on February 27, 2004, entered an order finding that the petitioner had exhausted his state court remedies and summary dismissal was not required. This order on initial review directed that "the respondent shall file all state court records relevant to the issue of good time and shall answer or otherwise respond to the § 2254 petition by April 1, 2004," and also direct-

ed that "the petitioner shall file a reply by May 3, 2004, unless a timely motion for extension of time is granted." (Filing 7.)

On March 30, 2004, the respondent filed a motion requesting permission to limit his response to a perceived statute of limitations issue under 28 U.S.C. § 2244(d)(1).[2] An enlargement of time for filing the limited response was also requested. The motion asserted that the "statute of limitations for filing a writ of habeas corpus would have ran (sic) one year from April 21, 1999," when petitioner's conviction became final, that "Petitioner was on notice in July of 1997 of the way the State calculated his time with regards to his incarceration and the issue of credit for good time," and that his state-court petition for a declaratory judgment on the good time issue was not filed until December 28, 2000, "also ... outside the applicable one year statute of limitations."[3] (Filing 11.) Judge Gossett's order of April 7, 2004, granting the respondent's motion, reads in its entirety as follows:

> This matter is before the court on filing no. 11, the "Motion for Permission to Limit Response" filed by the respondent. The respondent was ordered to answer or otherwise respond to the petitioner's § 2254 petition, and the respon-

---

**2.** Section 2244(d)(1) provides:

A 1–year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence.

**3.** This final assertion relates to a tolling provision contained in 28 U.S.C. § 2244(d)(2):

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

dent requests leave to limit his response to certain specified potentially dispositive issues.

Upon review of the record and in the interests of judicial efficiency, filing no. 11 is granted, and the respondent shall answer or otherwise respond to the petitioner's § 2254 petition by April 30, 2004.

SO ORDERED.

(Filing 12.)

On April 12, 2004, the respondent filed a "limited answer" consisting of a short statement of facts, a three-page legal argument, and a concluding paragraph that requests dismissal of the petition for writ of habeas corpus as time-barred. This filing, which in an ordinary civil case would be looked upon as a brief, was accompanied by selected state court records and, as required by local rules for a motion that involves consideration of matters outside the pleadings, *see* NELR 7.1(a)(2), an evidence index (filing 14).

## II.

The petitioner is concerned that his case is being delayed, and he strenuously objects to the manner in which the statute of limitations issue has been raised. He argues that Habeas Corpus Rule 5 requires the respondent to file a complete answer that "respond[s] to the allegations of the petition," and also requires the respondent to attach relevant portions of available transcripts of pretrial, trial, sentencing, and post-conviction proceedings that were conducted in state court, together with copies of any briefs on appeal and appellate court decisions. The petitioner also argues that the "limited answer" filed in this case is inconsistent with the Federal Rules of Civil Procedure, which require the answering party to "state in short and plain terms the party's defenses to each claim asserted," Fed.R.Civ.P. 8(b), to "admit or deny the averments upon which the adverse party relies,"[4] *id.*, and to "set forth affirmatively ... statute of limitations, ... and any other matter constituting an avoidance or affirmative defense," Fed.R.Civ.P. 8(c).

The petitioner's arguments ignore Habeas Corpus Rule 4, which provides that if summary dismissal has not been ordered upon the court's initial review of the petition, "the judge shall order the respondent to file an answer *or other pleading* within the period of time fixed by the court *or to take such other action as the judge deems appropriate.*" (Emphasis supplied.) As discussed in the Advisory Committee Note to Rule 4, this provision

is designed to afford the judge flexibility in a case where either dismissal or an order to answer may be appropriate.

---

**4.** Even without Judge Gossett's order, the respondent in answering would not be required to admit or deny each of the petitioner's factual allegations. The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules. *Woodford v. Garceau,* 538 U.S. 202, 208, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003); Habeas Corpus Rule 11 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate to petitions filed under these rules."); Fed.R.Civ.P. 81(a)(2) ("These rules are applicable to proceedings for ... habeas corpus ... to the extent that the practice in such proceedings is not set forth in ... the Rules Governing Section 2254 Cases ... and has heretofore conformed to the practice in civil actions."). "The purpose of the answer is to frame the issues in dispute, as well as to ferret out unmeritorious petitions.... Neither Rule 5, nor the Advisory Notes, nor subsequent case law set out any further restrictions on the form of the answer, unlike Federal Rules of Civil Procedure 8(b) and 8(d), which require fact-by-fact responses." *Williams v. Calderon,* 52 F.3d 1465, 1483 (9th Cir.1995) (answer that laid out the respondent's alternative view of the facts and the law satisfied Rule 5).

For example, the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent, which may show that petitioner's claims have already been denied on the merits in federal court; that petitioner has failed to exhaust state remedies; that the petitioner is not in custody within the meaning of 28 U.S.C. § 2254; or that a decision in the matter is pending in state court. In these situations, a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition. In other situations, the judge may want to consider a motion from respondent to make the petition more certain. Or, the judge may want to dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit.

If the Antiterrorism and Effective Death Penalty Act of 1996 had been enacted prior to the adoption of the Habeas Corpus Rules,[5] the Advisory Committee Note to Rule 4 surely would have also listed AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d)(1), as a procedural ground for dismissal. In several circuits, in fact, it has been held that district courts even have authority under Habeas Corpus Rule 4 to raise the affirmative defense of the one-year statute of limitations *sua sponte* on initial review, before a responsive pleading is filed. *See Scott v. Collins,*

286 F.3d 923, 928–31 (6th Cir.2002); *Hill v. Braxton,* 277 F.3d 701, 705–06 (4th Cir. 2002); *Acosta v. Artuz,* 221 F.3d 117, 122–24 (2nd Cir.2000); *Kiser v. Johnson,* 163 F.3d 326, 328–29 (5th Cir.1999).

■ In the present case, based upon a review of the record, including information contained in the respondent's motion, Judge Gossett determined that it was "in the interests of judicial efficiency" to permit the respondent to raise the procedural issue of the statute of limitations before responding to the merits of the petition. While the petitioner argues that the petition was timely filed under the statute, and also that equitable tolling should apply, no further assessment of the merits or equity of the statute of limitations defense was required before granting the motion. I find that Judge Gossett's determination was not clearly erroneous, and that his action was authorized by Habeas Corpus Rule 4.

■ Although the above finding means that the petitioner's appeal will be denied, I do not approve of the respondent's designation of his filing as a "limited answer." [6] A response that does not fully comply with Habeas Corpus Rule 5 should not be labeled as an answer.[7] The respondent's filing most closely resembles a motion for summary judgment, and I will treat it as such. That is, I will address the statute of limitations issue as a matter of law after allowing the petitioner an opportunity to reply to the respondent's legal arguments

5. The Habeas Corpus Rules were adopted by the United States Supreme Court on April 26, 1976, and became effective on February 1, 1977. *See* Pub.L. 94–426, § 1, 90 Stat. 1334 (1976).

6. Judge Gossett's orders directed the respondent to "answer or otherwise respond." Permission to file a "limited answer" was not expressly granted.

7. The designation of a pleading as a "limited answer" should be confined to those habeas cases where, as described in the Advisory Committee Note to Rule 4, the reviewing judge has "dismiss[ed] some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit."

and to show, if possible, the existence of a genuine issue of material fact.

## III.

Inasmuch as the order on initial review in this case permitted the respondent to "answer or otherwise respond," it is unclear why additional permission was sought for filing a limited response.[8] Motions to dismiss have been filed by the attorney general in other § 2254 cases after the respondent was ordered on initial review to "answer or otherwise respond,"[9] and sometimes even after the respondent was specifically directed by the magistrate judge to "answer" the petition.[10]

For whatever reason, though, it has become increasingly common for the attorney general to file a motion seeking permission to file a limited response.[11] The motions have been routinely granted, but it must be acknowledged that the court's treatment of the subsequently filed responses (most often designated as "limited answers") has not been uniform. In some cases the magistrate judge has entered a new progression order that establishes a reply date for the petitioner. In other cases a "show cause" order has been en-

---

**8.** It may be that the attorney general was seeking relief from the directive that "the respondent shall file all state court records relevant to the issue of good time," (filing 7), but, if so, the motion did not specifically request such relief. It only sought an order "(1) allowing the Respondent to limit his response to the petition to the statute of limitations; and (2) allowing the Respondent 30 days from the date of this court's ruling upon this motion in which to file a response." (Filing 11.) The order that was entered on April 7, 2004, also contains no mention of state court records, and its sole directive, that "the respondent shall answer or otherwise respond to the petitioner's § 2254 petition by April 30, 2004," merely grants an enlargement of time. It is thus unclear whether Judge Gossett intended by granting the motion to permit the respondent to file only those state court records that the respondent deemed relevant to the statute of limitations issue.

**9.** See, e.g., Witmer v. Clarke, No. 4:03CV3315 (motion to dismiss "mixed" petition (filing 13), filed October 22, 2003); Hess v. Clarke, No. 4:03CV3318 (motion to dismiss on statute of limitations (filing 10), filed October 6, 2003); Harrison v. Clarke, No. 4:02CV3329 (motion to dismiss second or successive application (filing 14), filed July 30, 2003).

**10.** See, e.g., Canady v. State, No. 4:02CV3264 (motion to dismiss for failure to exhaust (filing 19), filed February 3, 2003); Becerra v. Clarke, No. 4:02CV3119 (motion to dismiss on statute of limitations (filing 16), filed July 22, 2002).

**11.** See, e.g., Mumin v. Clarke, No. 4:04cv3058 (filing 7, April 29, 2004); Arias v. Kenney, No. 4:04CV3055 (filing 18, April 15, 2004); Canady v. Johnson County, No. 4:03CV3398 (filing 11, February 25, 2004); Overstreet v. Britten, No. 4:03CV3409 (filing 12, February 24, 2004); Martin v. Britten, No. 4:03CV3404 (filing 16, February 24, 2004); Hernandez v. Britten, No. 4:03CV3362 (filing 11, December 5, 2003); Daniels v. State, No. 4:03CV3347 (filing 8, November 20, 2003); Heitman v. Shortridge, No. 8:03CV372 (filing 12, October 22, 2003); en Matti v. Clarke, No. 4:03CV3258 (filing 14, October 1, 2003); Tammell v. Britten, No. 4:03CV3168 (filing 11, August 29, 2003); Carpenter v. Clarke, No. 4:03CV3210 (filing 11, August 13, 2003); Epstein v. State, No. 8:03CV112 (filing 12, July 17, 2003); Hruza v. Dahm, No. 4:03CV3133 (filing 11, June 30, 2003); Lujan v. Kenney, No. 4:02CV3258 (filing 8, December 31, 2002); Hall v. Britten, No. 4:02CV3241 (filing 21, November 27, 2002); Brunzo v. Clarke, No. 4:02CV3199 (filing 12, November 27, 2002); Tyrrell v. Clarke, No. 4:02CV3191 (filing 11, November 27, 2002); George v. Clarke, No. 4:02CV3231 (filing 11, November 5, 2002); Sherrod v. Clarke, No. 4:02CV3098 (filing 13, October 29, 2002). The petitioner in Hall appealed from the magistrate judge's order allowing the filing of a limited response, but only with respect to an enlargement of time that was granted by the order. I sustained the order on that limited issue. See Hall v. Britten, No. 4:02CV3210 (filing 37, February 24, 2003).

tered, requiring the petitioner to reply by a certain date or else suffer a dismissal. In still other cases the assigned district judge has simply ruled on the procedural issue that was presented· by the "limited answer."

Some courts take the view, as advocated by the petitioner in this case, that it promotes judicial efficiency, and ultimately speeds the resolution § 2254 cases, to require respondents to answer completely and to provide all state court records. For example, in *Ukawabutu v. Morton,* 997 F.Supp. 605 (D.N.J.1998), the court denied a respondent's motion to dismiss a "mixed" petition without prejudice to reasserting the affirmative defense of failure to exhaust in an answer. It explained:

> Respondents in habeas corpus cases have long lacked precise and practical instructions regarding the appropriate procedures for responding to a federal habeas corpus petition. Perhaps as a result, respondents frequently file motions to dismiss a habeas petition in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than file an answer. Although there has been considerable confusion in this area of the law, I hold that the proper response to a habeas corpus petition is an answer prepared in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and that a motion to dismiss· is appropriate only if, in its discretion, the district court directs or permits the .respondents to file such a motion, either before or after the filing of an answer.

> . . . . .

> A motion to dismiss is not an "answer or other pleading." *See* Fed.R.Civ.P. 7(a); *Willis v. Collins,* 989 F.2d 187, 189 (5th Cir.1993). The district court certainly has discretion to order or permit respondents, upon request, to file a motion to dismiss as one of the "other

actions" which the court may allow, including the discretion to permit the filing of a motion to dismiss before a respondent files an answer. *See* Hab. Corp. R. 4 advisory committee's note; *White v. Lewis,* 874 F.2d 599 (9th Cir. 1989). Thus, although "the state has no right, as it would in non-habeas civil litigation, to file a 12(b)(6) motion to dismiss, the Court now has the discretion to allow such a motion where . . . the issues raised by the state are appropriate for summary resolution." *Shariff v. Artuz,* 1998 WL 17734, *1 n. 1 (S.D.N.Y.Jan.16, 1998).

> . . . . .

> . . . The answer should "respond to the allegations of the petition." Hab. Corp. R. 5. In exercising my broad discretion to manage habeas cases, I conclude that, unless the Court grants a respondent's request for leave to file a motion to dismiss, the answer should respond in an appropriate manner to the factual allegations of the petition and should set forth legal arguments in support of the respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. With respect to reasons why the petition should be dismissed, the legal arguments which would otherwise be advanced in a brief in support of a motion to dismiss should instead be set forth, with citations to appropriate legal authority, as defenses in an answer to a habeas petition.

In addition, Rule 5 of the Habeas Corpus Rules wisely requires the respondents to attach various documents to their answer, for example, the .relevant portions of the transcripts of the proceedings, if available. *See* Hab. Corp. R. 5; *Chavez v. Morgan,* 932 F.Supp. 1152, 1153 (E.D.Wis.1996). The

Court may also order, on its own motion or upon request of the petitioner, that further portions of the transcripts be furnished. These materials are crucial to any disposition of a habeas petition, and their necessity highlights the reasons why I will not permit respondents to file motions to dismiss without leave of Court. *See, e.g., Chavez,* 932 F.Supp. at 1153 ("Such petitions are typically prepared by prisoners with little knowledge of the pleading requirements in habeas cases and, more importantly, little to no access to the pleadings and other judicial documents which are necessary to determine whether or not they have properly exhausted their state court remedies."). Once the respondents have filed a factually and legally adequate answer, attaching the appropriate components of the record, the Court may rule on the case as a whole unless the Court specifically requests or allows the filing of a motion to dismiss (either before or after an answer has been filed), directs that a hearing be held, or takes some other action with respect to the petition, for example, ordering that discovery be taken pursuant to the Habeas Corpus Rules.

Consolidating the pleading and motion stages of a habeas case also serves other interests in addition to affording access to the relevant transcripts. The practice of filing successive motions to dismiss without filing an appropriate answer is wasteful of judicial resources and unnecessarily protracts the proceedings. Under the Anti Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) (the "AEDPA"), the district court has the discretion to reach the merits of unexhausted claims, but only to deny them. *See* 28 U.S.C. § 2254(b)(2). The reason Congress conferred this discretion upon district courts is to promote judicial economy and to resolve habeas petitions more efficiently and fairly. . . . *Id.,* at 608–09 (footnotes omitted). *See also Sperow v. Walls,* 182 F.Supp.2d 695, 698–700 (C.D.Ill.2002) (allowing respondent's motion to dismiss on statute of limitations grounds but chastising attorney general for failing to file a Rule 5 answer as specifically directed by the court's order on initial review; statute of limitations defense should have been raised in an answer that addressed the merits of petitioner's claims); *White v. Cockrell,* No. CIV.A. 3:00CV1951–L, 2001 WL 1335779, *1–4, 7 (N.D.Tex. Oct.19, 2001) (following *Ukawabutu* and citing Habeas Corpus Rule 11 for the proposition that the Federal Rules of Civil Procedure do not apply in all respects; the respondent's motion to dismiss for failure to exhaust occasioned delay because necessary records were not available to the court); *Chavez,* 932 F.Supp. at 1153 (a motion to dismiss is generally not a proper pleading in response to a petition for writ of habeas corpus; the appropriate response is an answer which responds to each allegation contained in the petition and which attaches copies of the judgment of conviction, relevant available transcripts, and any post-conviction pleadings and decisions); *United States ex rel. Emerson v. Warden, Pontiac Correctional Center,* No. 93 C 4650, 1994 WL 110154, *2 & n. 1 (N.D.Ill. Mar.29, 1994) (once a minimally sufficient petition is filed, the respondent is instructed to file an "answer" in a form generally akin to a motion to dismiss (but not equivalent to a Rule 12(b)(6) motion), the petitioner is allowed to file a "response," and the respondent may then "reply"; once the final brief has been submitted, the court rules on the petition as a whole); *United States ex rel. Martin v. Chrans,* No. 84 C 4498, 1986 WL 7076, *2 (N.D.Ill. June 11, 1986) (if a petition survives Rule 4 summary dismissal, the parties are free to file motions for

summary judgment; however, the respondent should not file a motion to dismiss).

Other courts are more supportive of a piecemeal approach. Thus, in *White v. Lewis*, 874 F.2d 599 (9th Cir.1989), a petitioner argued that a motion to dismiss for procedural default[12] was not an authorized response[13] under the Habeas Corpus Rules. The court of appeals disagreed, stating that the phrase "or other pleading" in Rule 4 "[c]learly ... allows for a response other than a formal answer meeting the dictates of Rule 5." *Id.* at 602. It continued:

> The best textual support for [petitioner's] argument comes from the Advisory Committee Note to Rule 5 which expresses some concern about unresponsive answers:
>
>> The answer must respond to the allegations of the petition.... [C]ourts occasionally receive answers which contain only a statement certifying the true cause of detention, or a series of delaying motions such as motions to dismiss. The requirement of the proposed rule that the "answer shall respond to the allegations of the petition" is intended to ensure that a responsive pleading will be filed and thus the functions of the answer fully served.
>
> While there may be circumstances where concerns about delay and efficiency militate in favor of ordering a full scale answer, this comment cannot be read as a blanket bar against motions to dismiss without regard to their merit. Moreover, ... responding to a habeas petition with a motion to dismiss is com-

mon practice. *See, e.g., Murray v. Carrier*, 477 U.S. 478, 483, 106 S.Ct. 2639, 2643, 91 L.Ed.2d 397 (1986).

*Id.* at 603. *See also McLeod v. Moscicki*, No. 02 Civ. 9335(WHP), 2003 WL 22427757, *3 (S.D.N.Y. Oct.22, 2003) ("Motions to dismiss habeas petitions on procedural grounds pursuant to Rule 12(b)(6) are proper under the 2254 Rules."); *Williams v. Breslin*, 274 F.Supp.2d 421, 424–25 (S.D.N.Y.2003) ("Motions to dismiss habeas petitions on procedural grounds pursuant to Rule 12(b)(6) are not inconsistent with the Habeas Rules, given the wide discretion afforded district judges in the disposition of habeas petitions."); *Adams v. Greiner*, 272 F.Supp.2d 269, 271 (S.D.N.Y.2003) (same); *Fordjour v. Stewart*, No. C02–0075MMC(PR), 2002 WL 1497792, *1 n. 2 (N.D.Cal. July 9, 2002) ("Petitioner's contention that a motion to dismiss, as opposed to an answer, is an improper response to the petition is without merit.") (following *White* ). *Cf. Purdy v. Bennett*, 214 F.Supp.2d 348, 352–53 (S.D.N.Y.2002) (granting respondent permission to move for dismissal on statute of limitations was appropriate); *Tomoney v. Warden, S.C.I. Graterford*, No. CIV. A. 01–0912, 2002 WL 1635008, *2 (E.D.Pa. July 17, 2002) (magistrate judge's order directing respondent to answer respecting statute of limitations defense was appropriate); *Shaw v. Cockrell*, No. CIV. A. 301–CV–1000, 2001 WL 1442221, *1 n. 1 (N.D.Tex. Nov.13, 2001) (construing "limited answer" asserting statute of limitations defense as a motion to dismiss).

On April 26, 2004, the Supreme Court adopted amendments to the Habeas Cor-

---

**12.** The Ninth Circuit considered it immaterial that the Advisory Committee Note to Rule 4 did not mention procedural default as a specific ground for a motion to dismiss, stating that "there no reason for distinguishing it from other procedural grounds which may make a full answer unnecessary." *White*, 874 F.2d at 602.

**13.** The order on initial review "did not specify a formal answer as opposed to another form of pleading." *White,* 874 F.2d at 603. The respondent was merely directed to "show cause by written response" why the writ should not issue. *See id.*

pus Rules which, unless Congress takes further action, will become effective on December 1, 2004. Although these amendments do not fully resolve the split of authority noted above, they do clarify that a motion is a permissible response to a habeas petition. Thus, the new Advisory Committee Note to Rule 5 states that "[t]he revised rule does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion." In this regard, the revised Rule 4 provides that "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, *motion,* or other response within a fixed time, or take other action the judge may order." (Emphasis supplied.) The new Advisory Committee Note to Rule 4 does not indicate what types of "other responses" might be appropriate.

Bifurcating issues for trial is not the usual course in ordinary civil cases, *see* 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2388, at 474 (2d ed.1995), and I see no good reason to adopt a different approach in § 2254 cases concerning affirmative defenses. If issues of procedural default, exhaustion, and the statute of limitations cannot be resolved by standard motion practice, then it probably is most efficient in these cases to require the respondent to answer the petition on the merits and to provide all relevant state court records.

In some cases the court may even decide that it is simpler to deny a habeas corpus claim on the merits than to decide the respondent's procedural issues. *See Barrett v. Acevedo,* 169 F.3d 1155, 1162 (8th

Cir.1999) (en banc) ("[J]udicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated."); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Because AEDPA's statute of limitations is not jurisdictional, *see Cross–Bey v. Gammon,* 322 F.3d 1012, 1015 (8th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 442, 157 L.Ed.2d 320 (2003), difficult time-bar issues, including equitable tolling considerations, can also be avoided where the petitioner's claims are without merit. After all, "[t]he simplest way to decide a case is often the best." *Chambers v. Bowersox,* 157 F.3d 560, 564 n. 4 (8th Cir.1998).

## IV.

The success or failure of a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) depends upon the allegations contained in the face of the complaint. *See BJC Health System v. Columbia Casualty Co.,* 348 F.3d 685, 687–88 (8th Cir.2003). A court must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Bohan v. Honeywell Int'l, Inc.,* 366 F.3d 606, 608 (8th Cir.2004). In order for the motion to dismiss to be granted, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus, "dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." [14] *Gebhardt v. ConAgra*

---

**14.** A statute of limitations bar may be more evident in § 2254 cases, however, because

petitions are prepared using a standardized form that requires disclosure of relevant

*Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003), quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir.1997).

█ If matters outside the pleadings are presented to and not excluded by the court, then the Rule 12(b)(6) motion must be treated as a motion for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56.[15] *See BJC Health System*, 348 F.3d at 687. The court's function at the summary judgment stage is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In order for a summary judgment motion to succeed, it must be shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

█ It is possible that the state court materials submitted by the respondent in the present case could be considered in conjunction with a motion to dismiss. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999) (when considering a Rule 12(b)(6) motion a court may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings); *Parnes*, 122 F.3d at 546 n. 9 (a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's

claims are based on the document). As a practical matter, however, it is easier to consider the statute of limitations issue in the context of a motion for summary judgment,[16] which will also permit the petitioner to present other evidence relevant to the issue.

Accordingly,

IT IS ORDERED that:

1. Defendant's statement of appeal from the magistrate judge's order (filing 15) is denied.

2. the magistrate judge's order (filing 12) shall not be disturbed, and is hereby sustained.

3. Respondent's limited answer (filing 13) shall be treated by the court as a motion for summary judgment, filed pursuant to Fed.R.Civ.P. 56(b).

4. Petitioner shall have thirty (30) days from today's date to reply to the respondent's motion for summary judgment.

---

dates. *See* Habeas Corpus Rule 2(c). The standard form under the revised rules will also require a petitioner whose judgment of conviction became final over one year before filing to explain why the statute of limitations contained in 28 U.S.C. § 2244(d) does not bar the petition.

15. Federal Rule of Civil Procedure 56(b) also permits a defending party to move directly for summary judgment "at any time."

16. A motion for summary judgment is appropriate in habeas proceedings. *See Blackledge v. Allison*, 431 U.S. 63, 80–81, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). *See also Phelps v. U.S. Federal Government*, 15 F.3d 735, 739 (8th Cir.1994) (district court in a habeas corpus case treating a motion to dismiss as a motion for summary judgment was required to notify petitioner and give him an opportunity to respond to the motion).